PEOPLE *ex rel.* LITTLE *v.* ROBB *et al.*, Park Commissioners.

(*Supreme Court, General Term, First Department.* January 10, 1890.)

MUNICIPAL CORPORATIONS—POLICEMEN—POWERS OF PARK COMMISSIONERS.

Park commissioners have power to dismiss a police officer for a violation of the rules of the park department, and, where evidence both direct and sufficient is before commissioners, the supreme court has no authority to interfere with their conclusion as to what the facts really are.

On *certiorari.*

This was a writ of *certiorari*, issued on the relation of Augustus Little against I. Hampden Robb and others, park commissioners, to review the decision of the commissioners dismissing the relator from the police force of the park department.

Argued before VAN BRUNT, P. J., and BARRETT and DANIELS, JJ.

*Purdy & McLaughlin*, for relator.    *S. J. Cowen*, for respondents.

DANIELS, J. The relator was charged with the violation of the rules of the park department, and neglect of duty. The act of which he was charged was sitting, and having a can of beer, in the gate-box at the entrance to the park, with another policeman, and thereby violating the rules of the park police, and neglecting his duty. His answer to the charge was a denial of it, and a sergeant was thereupon examined as a witness, and he testified that when he reached the Eighth-Avenue and Fifty-Ninth street entrance to the park he failed to find any officer outside of the gate-box, or in the vicinity; that he saw two men inside the gate-box when he was within 50 feet of it; that on his arrival at the box he knocked on the glass, and the relator immediately jumped up and came outside, slamming the gate-box door behind him; that he thereupon asked the relator whether that was the way in which he was doing his duty, to which he made no reply. He further testified that he opened the gate-box door, and there found the other officer on the floor, and

ordered him to rise, and return to his post, and made the same inquiry of him that he had of the relator, to which no answer was.returned.   The sergeant's testimony stated the further fact that he found a can in the box filled with ale, and each of the officers denied having any claim to it.   The relator stated that he was inside the box for the purpose of heating coffee with a small alcohol stove that was used for that object, and the other officer informed the sergeant after his arrival that such was their employment, and that the sergeant then went into the box and brought out the can mentioned by him.   The sergeant fuither stated that the beer was standing along-side of where the relator was sitting, and that the gate-box was full of smoke, and that he remarked that the two officers were smoking and drinking while the sergeants were doing the walking.   This is the substance of all the evidence that was given upon the hearing of the charge, and no violence was done to this evidence in the conclusion drawn from it by the commissioners that the charge had been established.   The evidence was both direct and sufficient for this purpose, and, under the. rules now applied to these cases, this court has no authority to interfere with their conclusion as to what the facts really and truly were.   *People* v. *Bradley*, 7 N. Y. St. Rep. 253.

The conduct of the relator was a violation of the rules and regulations of the department, for which the commissioners had the power to dismiss him from the force, and the order made by them should be affirmed.   All concur.